PER CURIAM:
Claimant brought this action for vehicle damage which occurred as a result of his vehicle striking a drainage grate while he was pulling onto W. Va. Route 10, Logan County. W. Va. Route 10 is a road maintained by respondent in Logan County. The Court is of the opinion to deny the claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on March 10, 2003, between 10:30 p.m. and 11:00 p.m. Claimant was exiting a Seven/Eleven convenience store parking lot, driving onto W.Va. Route lOinhis 1999 Pontiac Grand Prix. W.Va. Route 10 is a two lane roadway. Claimant testified that as he was driving out of the parking lot, his vehicle ran over a drain grate. The grate flipped up and struck his vehicle on the side and top of the driver side door. Claimant’s vehicle sustained damage to the bottom, side and top ofthe driver’s side door. Mr. McCoy estimated that the grate was about five feet from the main travel portion of the highway. The damage sustained totaled $ 1,041.81. Claimant’s insurance deductible was $500.00.
The position of the respondent is that it was not responsible for the drain just off of W. Va. Route 10 at the site ofthe claimant’s accident.
Mike Vasarhelyi, Investigator 2 for the respondent in the Claims Section, Legal Division, testified that inside any city limits, respondent is only responsible and only maintains the roadway from curb to curb. Mr. Vasarhelyi stated that he went to the site of claimant’s incident, and that this was not a State maintained dram and further, it is not within respondent’s area of responsibility. He stated that the State does not maintain any drains similar to the one that the claimant’s vehicle struck.
Terry Ellis, Transportation Crew Chief for respondent in Logan County, stated that this drain and the grate covering it were not respondent’s responsibility to maintain. He testified that in a city, respondent is only responsible for the travel portion of the road, and that this particular drain grate was not within the travel portion ofthe roadway. Mr. Ellis further stated that respondent does not use the type of grate that was responsible for the damages to claimant’s vehicle.
The well-established principle of law in West Virginia is that the state is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986). The Court is of the opinion that the respondent was not responsible for maintaining the grating that struck claimant’s vehicle near W. Va. Route 10. Thus, the claimant is not entitled to an award for his losses.
In the instant case, the evidence established that the respondent was not responsible for a drain grating that was located just off of W. Va. Route 10. The claimant has failed to establish that respondent is responsible for the drain. Consequently, there is insufficient evidence of negligence upon which to justify an award.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.